Howard W. Brill, Chief Justice, concurring. |fiI concur with the majority, but write to express an additional reason for the result. The first generally recognized ethical standards for lawyers were the Canons of Professional Ethics. Adopted by the American Bar Association in 1908 and later approved by the Arkansas Supreme Court, the forty-seven Canons governed Arkansas lawyers until 1970. After the American Bar Association approved the Model Code of Professional Responsibility, this court adopted that Code as the new governing standard for Arkansas' attorneys. See In re Standards of Prof'l Conduct of Atty’s at Law, No. 69-5161 (Ark. Feb. 23, 1970) (per curiam); see also Edward L.-Wright, The Code of Professional Responsibility: Its History and Objectives, 24 Ark. L.Rev. 1 (1970). Expressing in general terms the standards of professional conduct expected of lawyers in their relationships with the public'and with the legal system, Canon 9 of the Code stated, “A lawyer should avoid even the' appearance of impropriety.” In 1983, as criticism of the Code increased, the American Bar Association approved a significantly different approach in the Model Rules of Professional Conduct. The Model Rules, as amended, were adopted by this court, to be effective January 1, 1986. See In re Ark. Bar Ass’n: Petition for the Adoption of Model Rules of Prof'l Conduct, 287 Ark. 495, 702 S.W.2d 326 (1985) (per curiam). Significantly, the rules excluded any: reference to the appearance-of-impropriety concept. See id. The concern of the drafters was that this concept was too imprecise to give guidance to attorneys and too vague to be a basis for professional discipline. ’ | ^However, the appearance-of-impropriety standard was resurrected in First American Carriers, Inc. v. Kroger Co., 302 Ark. 86, 787 S.W.2d 669 (1990).[3] The principle of avoiding the appearance of impropriety was forcefully reasserted in Burnette v. Morgan, 303 Ark. 150, 156, 794 S.W.2d 145, 148 (1990): “[The principle] is a rock in the foundation upon which [are] built the rules guiding lawyers in their moral and ethical conduct. This is a factor that should be considered in any instance where a violation of a rule of professional conduct is at issue.” Subsequent decisions affirmed that the principle is applicable in disqualification matters. See Norman v. Norman, 333 Ark. 644, 970 S.W.2d 270 (1998); McAdams v. Ellington, 333 Ark. 362, 970 S.W.2d 203 (1998); Berry v. Saline Mem’l Hosp., 322 Ark. 182, 907 S.W.2d 736 (1995). Accordingly, when the next major revision of the ethical standards was undertaken, the drafting committee of the Arkansas Bar Association recommended that the principle be codified by expressly placing it in the official comments. This court approved that recommendation when it adopted the new Arkansas Rules of Professional Conduct effective May 1, 2005. See In re Ark. Bar Ass’n-Petition to Revise the Ark. Rules of Prof'l Conduct, 361 Ark. App’x 451 (2005) (per curiam); Ark. R. Profl Conduct 1.7, cmt. 37 (“As an integral part of the lawyer’s duty to prevent conflict of interests, the lawyer must strive to avoid not only professional impropriety, but also the appearance, of impropriety”). Perhaps more significantly, the Preamble to the Arkansas Rules of Professional Conduct states that “[t]his obligation should be considered in any instance where a violation of the Rules of ^Professional Conduct [is] at issue, The principle pervades these Rules and embodies their spirit.” Ark. R. Profl Conduct pmbl., cmt, Í3A.[4] In this cáse, Judge Crow issued the arrest warrant, and he presided over the arraignment. For him to now represent the defeiidant would appear to a reasonable person to be ’improper; Oür case law and our rules of professional conduct remind lawyers to be mindful of their duty to avoid even the appearance of impropriety, For all these reasons, I concur in the majority’s decision to affirm the circuit court. . See David Ivers, Note, Prohibition Against Appearance of Impropriety Retained under Model Rules of Professional Conduct, 13 U. Ark. Little Rock L.J. 271 (1991). . Sitting judges, are under similar obligations, with restrictions that are arguably more stringent than those for attorneys. On the issue of the appearance of impropriety, Rule 1.2 of the Arkansas Code of Judicial Conduct states that "[a] judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.” Comment 5 of Rule 1.2 states that "[tjhe test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that reflects adversely on the judge’s honesty, impartiality,[1] temperament, or fitness to serve as a judge.” See Cynthia Gray, Avoiding the Appearance of Impropriety: With Great Power Comes Great Responsibility, 28 U. Ark. Little Rock L.Rev. 63 (2005). ■